COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


JEROME D. ROBINSON

                                       MEMORANDUM OPINION* BY
v.    Record No. 0745-99-4            JUDGE CHARLES H. DUFF
                                            MAY 9, 2000
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         F. Bruce Bach, Judge

            Elwood Earl Sanders, Jr., Appellate Defender
            (Public Defender Commission, on briefs), for
            appellant.

            Leah A. Darron, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Appellant was convicted of distribution of cocaine and

possession of a firearm while in possession of cocaine.  Appellant

argues that the trial court erroneously admitted into evidence a

hearsay statement from a confidential informant that indicated the

cocaine came from appellant.  We disagree and affirm his

convictions.

                            BACKGROUND

     Detective J.G. Sterling arranged a cocaine transaction with

appellant through a confidential informant.  The informant and

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

appellant engaged in a conversation, and the informant returned to Sterling's car. The informant handed Sterling a clear plastic bag that contained crack cocaine and said, "Hey, here, he wants me to give you this." At appellant's trial, this statement by the informant was admitted into evidence through Sterling's testimony. Appellant testified that he was just a cocaine user and an acquaintance of the informant. Appellant also denied selling the cocaine to Sterling.

ADMISSIBILITY OF THE STATEMENT

Appellant argues that the informant's statement was hearsay and improperly admitted into evidence. Appellant contends that there was a serious credibility issue for the jury and the informant's credibility could not be challenged because he did not testify.

Assuming without deciding that the statement was inadmissible hearsay, any error was harmless. "Even though testimony is objectionable as hearsay, its admission is harmless error when the content of the extra-judicial declaration is clearly established by other competent evidence." Schindel v. Commonwealth, 219 Va. 814, 817, 252 S.E.2d 302, 304 (1979) (citation omitted).

The hearsay statement showed that appellant was offering the cocaine for distribution. This fact was proved by other testimony. Sterling testified that after receiving the cocaine from the informant, he weighed it and said that it was "way light." Sterling threw the cocaine on the floor of his car and

-

said that he was "here to buy an ounce of crack cocaine."
Appellant entered Sterling's car and picked up the cocaine.
Appellant said that he wanted to see the cocaine weighed, and
Sterling and appellant discussed the weight of the cocaine.
Appellant then told Sterling that he needed $400 for the cocaine,
and Sterling paid appellant. Appellant also told Sterling that
Sterling could come back for more cocaine because the informant
knew how to get in touch with him. Appellant's statements to
Sterling established that appellant distributed the cocaine.
Accordingly, appellant's convictions for distribution of cocaine
and possession of a firearm while in possession of cocaine are
affirmed.

                                                    Affirmed.

                              -